HARRY M. SCHAUB *vs.* FANNIE SHULMAN.

Suffolk.  March 12, 1926. — May 26, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Agency*, Commission, Fire loss adjuster.  *Contract*, Implied.

At the trial in a municipal court of an action upon a *quantum meruit* for services in adjusting a fire loss with insurance companies, where the plaintiff testified that at the defendant's request he undertook the adjustment of the loss, that the defendant promised to pay him ten per cent of the amount he received in settlement, and that settlement was made; and the judge found that the defendant did not promise to pay the plaintiff ten per cent for his services but found that five per cent of the amount received in settlement was "fair and reasonable compensation for the plaintiff's services," a further finding for the plaintiff on the five per cent basis was warranted.

CONTRACT for services in procuring the adjustment of a fire loss, with a declaration described in the opinion.  Writ in the Municipal Court of the City of Boston dated August 7, 1923.

Material evidence at the trial in the Municipal Court is described in the opinion.  The judge found that "five per cent of $3,462 is fair and reasonable compensation for plaintiff's services rendered subsequent to and in addition to those for which he has been paid already," found for the plaintiff in the sum of $173.10 and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*S. Miller*, for the defendant.

*I. Gordon*, for the plaintiff.

CROSBY, J.  This is an action of contract to recover for services in procuring the adjustment of a fire loss.  The first count of the declaration alleges an agreement under which the defendant was to pay the plaintiff ten per cent of the amount received.  The second count is upon an account annexed.

The plaintiff testified that he is a duly licensed fire insurance broker and fire loss adjuster; that on May 5, 1923, a fire

occurred on premises of the defendant resulting in considerable loss to her; that thereafter he talked with her and her husband, and it was finally agreed that the defendant would pay the plaintiff a commission of five per cent for his services in adjusting the loss with various insurance companies, provided the adjustment was speedily made and was not referred to arbitrators, but that if it was so referred the plaintiff was to recover an additional commission of five per cent; that, without arbitration, the plaintiff procured an adjustment of the loss on the real and personal property of $4,619.50, which the defendant accepted, and that on May 19, 1923, she gave the plaintiff a promissory note for $235.98 in full payment for services rendered to that date; and that the note was afterwards paid.

The plaintiff further testified in substance that on or about May 25, 1923, the defendant and her husband again called upon him and told him that two other fire loss adjusters had informed them that the settlement procured by the plaintiff was entirely inadequate; that the defendant, believing this to be true, engaged these other adjusters to procure its cancellation and to bring about a new settlement; that these adjusters cancelled the adjustment procured by the plaintiff and entered into negotiations for a new settlement of the loss; that the defendant and her husband were notified that the fire was being investigated by the Fire Marshal and State authorities; that the adjusters last engaged notified the defendant that they were unable to procure any settlement, and thereafter the defendant and her husband requested the plaintiff to assume again the settlement of the claim; that he consented to do this provided the defendant would pay him a new commission of ten per cent for services to be rendered by him in addition to what he had already received; that the defendant agreed to this and the plaintiff procured a settlement by arbitration on July 26, 1923; that an award of $3,462 was made and finally paid to the defendant. The defendant offered evidence tending to show that the amount previously paid the plaintiff was to be in full for all services rendered by him.

The trial judge found for the plaintiff in the sum of $173.10

— five per cent of the amount of the final award.   This finding was undoubtedly made upon the second count, as the judge specially found that no contract was entered into for the payment of an additional commission of ten per cent, as alleged in the first count.

If the trial judge believed the testimony of the plaintiff that he performed services for the defendant, although he found that there was no express agreement for additional compensation, the plaintiff was entitled to recover upon a *quantum meruit* what his services were reasonably worth. Accordingly the defendant's first and second requests were rightly denied.   All the other requests were for findings of fact which the trial judge was not required to make.

*Order dismissing report affirmed.*